FILED

2022 Feb-28  PM 03:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ROBERT L. JOHNSON,                    )
                                      )
        Plaintiff,                    )
                                      )
v.                                    )        Case No. 2:21-cv-1560-MHH-GMB
                                      )
SHANNON CALDWELL,                     )
                                      )
        Defendant.                    )

## MEMORANDUM OPINION

Plaintiff Robert L. Johnson, a prisoner incarcerated at Donaldson Correctional Facility, filed this action pursuant to 42 U.S.C. § 1983. (Doc. 1). In his complaint, Mr. Johnson alleges violations of his due process rights under the Constitution or laws of the United States based on the Alabama Board of Adjustment's denial of his claim for compensation for missing property. (Doc. 1, pp. 3–5). When he filed his complaint, Mr. Johnson did not file an application to proceed *in forma pauperis*, and he did not pay a filing fee. The Magistrate Judge has recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g). (Doc. 2). Mr. Johnson objects to the report and recommendation. (Doc. 3).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district judge must "make a *de novo* determination of those portions of the

[magistrate judge's] report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also* FED. R. CRIM. P. 59(b)(3) ("The district judge must consider *de novo* any objection to the magistrate judge's recommendation.").  A district court's obligation to "'make a de novo *determination* of those portions of the report or specified proposed findings or recommendations to which objection is made,'" 447 U.S. at 673 (quoting 28 U.S.C. § 636(b)(1)), requires a district judge to "'give *fresh consideration* to those issues to which specific objection has been made by a party,'" 447 U.S. at 675 (quoting House Report No. 94-1609, p. 3 (1976)).  *United States v. Raddatz*, 447 U.S. 667 (1980) (emphasis in *Raddatz*).

As the Magistrate Judge noted, Mr. Johnson filed another federal complaint a few months before he filed this one. *See Johnson v. Caldwell*, No. 2:21-cv-1151-CLM-GMB (N.D. Ala. 2021).  The two cases pertain to the same alleged conduct, and Mr. Johnson named Shannon Caldwell as the defendant in both complaints.  The Court dismissed Mr. Johnson's earlier action against Shannon Caldwell because Mr. Johnson is subject to the "three strikes rule" of the Prison Litigation Reform Act, and Mr. Johnson did not allege facts that indicated that he was in imminent danger of serious physical injury under 28 U.S.C. § 1915(g). *Johnson v. Caldwell*, No. 2:21-cv-01151-CLM-GMB, Doc. 4.  Federal court records reveal that Mr. Johnson has filed at least three cases that have been dismissed as meritless, including *Johnson v.*

*Bullard, et al.*, No. 2:04-cv-1004-IPJ-TMP (N.D. Ala. 2004); *Johnson v. Spann, et al.*, No. 2:04-cv-3100-VEH-TMP (N.D. Ala. 2004); and *Johnson v. Green*, No. 2:07-cv-1741-LSC-TMP (N.D. Ala. 2007).

Pursuant to the PLRA and Eleventh Circuit case law, a prisoner who has had three or more cases dismissed as meritless must pay the full filing fee when he files a lawsuit. *See* 28 U.S.C. § 1915(g); *Dupree v. Palmer,* 284 F.3d 1234, 1236 (11th Cir. 2002); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001).  The Magistrate Judge recognized that the three-strikes rule does not require prepayment of a filing fee if a prisoner is in imminent danger of serious physical injury, but the Magistrate Judge found that Mr. Johnson has not alleged facts that indicate that he is in imminent danger of a serious physical injury.  *See* 28 U.S.C.  § 1915(g).  The Court has reviewed the complaint and Mr. Johnson's objection to the Magistrate Judge's report and agrees with the Magistrate Judge; Mr. Johnson has not alleged facts that suggest that he is in imminent danger because of the conduct at issue, namely his unsuccessful effort to recover property the defendant allegedly took from him.[1]

---

[1] In his objections to the report and recommendation, Mr. Johnson complains about his designation to a one-man cell and another inmate who wants to kill him.  (Doc. 3).  These new factual allegations may indicate "imminent danger of serious physical harm," 28 U.S.C.  § 1915(g), but they do not relate to the conduct at issue here.  Mr. Johnson has filed a new complaint addressing the allegations about his cell and his safety concerns. *See Johnson v. Bennett*, No. 2:22-cv-90-ACA-GMB (N.D. Ala. 2022).

Accordingly, having reviewed *de novo* the materials in the Court's electronic file, including the report and recommendation and Mr. Johnson's objections, the Court adopts the Magistrate Judge's report and accepts his recommendation. Because Mr. Johnson did not pay the filing and administrative fees of $402.00 when he filed this complaint, by separate order, the Court will dismiss this action without prejudice.

**DONE** and **ORDERED** this February 28, 2022.

**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE